**FILED**

AUG - 7 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Robert J. More, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09 1487 |
| | ) | |
| Sergeant at Arms of the United States | ) | |
| Senate et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

The plaintiff, Robert J. More, has filed an application to proceed *in forma pauperis*, a *pro se* complaint and a motion for a temporary restraining order ("TRO") that would halt the imminent vote of the United States Senate on the nomination of United States Appeals Court Judge Sonia Sotomayor to fill a vacancy on the United States Supreme Court. The Court will grant the application to proceed *in forma pauperis*, dismiss the complaint, and deny all other pending motions as moot.

The complaint, which admits to being a "being composed . . . via a stream of consciousness," Complaint at 2, alleges that Judge Sonia Sotomayor "conceal[ed]" from the Senate Judiciary Committee her participation as one member of the three-judge panel in Appeal No. 08-1263, *More v. Monex,* by not including it on a list of cases in which she participated. *Id.* at 1. The plaintiff in this matter was a third-party plaintiff-appellant in Appeal No. 08-1263, which was dismissed by the United States Court of Appeals for the Second Circuit because the notice of appeal was untimely. Judge Sotomayor was one of the three judges on the panel that authorized the dismissal because the appeal was untimely. *See* Mandate of USCA, *More v.*



4

*Monex,* Civil Action 04-3214 (RJD) (E.D.N.Y. Aug. 18, 2008) (Docket Entry #88). The plaintiff asserts that this alleged omission constitutes a violation of "the measures of consideration guaranteed to him by the Appointments, Freedom of Speech — right to receive information, and Due Process Clauses of the Constitution of the [U].S. of A." Complaint at 1.

This court is obligated to dismiss a case filed without prepayment of fees once it is determined that the complaint is frivolous or malicious or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This is such a case. The plaintiff has not identified any private right of action that would permit this suit, and none is evident. Therefore, this complaint fails state a claim upon which relief may be granted. Furthermore, because the suit lacks "an arguable basis in law," it is frivolous. *Brandon v. District of Columbia Board of Parole,* 734 F.2d 56, 59 (D.C. Cir. 1984). For these reasons, the court will dismiss this complaint on its authority under 28 U.S.C. §§ 1915(e)(2)(B)(*i*) and (*ii*) (requiring in cases filed by plaintiffs proceeding *in forma pauperis* the dismissal of frivolous or malicious complaints or complaints that fail to state a claim upon which relief may be granted), and will deny the TRO as moot.

A separate order accompanies this memorandum opinion.

Date: August 6, 2009                     /s/ United States District Judge